IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHELYNN JAMISON, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:22-cv-390 |
| | ) | |
| vs. | ) | |
| | ) | |
| FOUNTAINVIEW LAPORTE | ) | |
| OPERATING LLC d/b/a | ) | |
| GOLDEN LIVING CENTER, | ) | |
| | | |
| Defendant. | | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Comes now Plaintiff, Shelynn Jamison, by counsel, and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Shelynn Jamison (hereinafter "Ms. Jamison" or "Plaintiff"), is a resident of LaPorte County in the State of Indiana and a former employee of Defendant.

2.    Defendant, Fountainview LaPorte Operating, LLC d/b/a Golden Living Center (hereinafter "Fountainview LaPorte Opereating"), is a foreign corporation and an employer as defined by 42 U.S.C. § 2000e(b), *et. sec*., 42 U.S.C. §12101, *et. sec*., and 42 U.S.C. §1981, *et. sec*., which conducts business in the State of Indiana.

3.    Ms. Jamison filed a Charge of Discrimination (Charge 470-2021-03378) with the Equal Employment Opportunity Commission on or about November 21, 2021, alleging *inter alia*, that Defendant discriminated against Plaintiff based on her race and disabilities under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and The Americans with Disabilities Act, 42 U.S.C. §12101, *et. sec*.

4.    The Equal Employment Opportunity Commission issued to Ms. Jamison a 90-day Right to Sue letter on December 16, 2021.

5.    Ms. Jamison invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7.    Plaintiff is a black female who suffers from a disability related to two strokes she suffered, which affected her daily activities and required time off of work.

8.    Plaintiff was employed as a Dietary Manager and temporary Nurse's Aide for Defendant since 2015, and at all times met or exceeded Defendant's legitimate performance expectations.

9.    Throughout the course of her employment, the Defendant's Human Resource Manager referred to Plaintiff as *my little black bitch*, *Whoopie*, and *Sha Nay Nay*.

10.    Despite Plaintiff's complaints, Defendant's management team allowed residents of Defendant's facility to call her *nigger* and refused to do anything about it.

11.    In July 2021, Plaintiff spoke to Defendant's Vice President about the racial discrimination, and nothing was done.

12.    Plaintiff then sent an email to Defendant's corporate office in Indianapolis to advise them of that she was being racially discriminated against, and she received no response.

13.    In May, Plaintiff utilized Family Medical Leave to seek treatment for her strokes. While off, Plaintiff was inadvertently copied on an email wherein criticized her for taking leave.

14.    On multiple occasions, Plaintiff went to Defendant's place of business during her leave and management would announce that *Elvis is in the building*.

15.    Plaintiff's husband was called brown man.

16.    Plaintiff learned that similarly situated white employees in her position earned more than her despite the fact that she had longer tenure, and white employees received higher bonuses during Plaintiff's employment.

17.    On or about September 22, 2021, the Defendant terminated Plaintiff's employment, alleging that he skewed his sales numbers in order to obtain a bonus.

## Count I
## Race

18.    Plaintiff incorporates by reference Paragraphs one through seventeen (17) above.

19.    Defendant discriminated against Ms. Jamison on the basis of her race when Defendant terminated her employment.

20.    Plaintiff, at all relevant times, met or exceeded Defendant's legitimate performance expectations.

21.    Similarly situated employees who were not black were treated more favorably than Plaintiff in that they were not subjected to racist comments or terminated for taking time off work for medical issues.

22.    These actions violated Ms. Jamison's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

23.    As a result of the foregoing, Ms. Jamison has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

24.    As a result of Defendant's actions, Ms. Jamison has incurred attorney fees and costs.

25.    Defendant's actions were done with malice or willful reckless disregard to Ms. Jamison's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, punitive

damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

**Count II**
**Disability Discrimination**

26.     Plaintiff incorporates by reference paragraphs one (1) through twenty-five (25) above.

27.     Plaintiff suffers from a disability as defined by the Americans with Disabilities Act, due to the fact that she suffered two strokes that affected her major life activities.

28.     Plaintiff could do all aspects of his job with or without reasonable accommodations and at all times met or exceeded Plaintiff's legitimate performance expectations.

29.     Defendant's decision to terminate Plaintiff was because of her disabilities and/or perceived disabilities.

30.     Similarly situated nondisabled employees were treated more favorably than the Plaintiff under similar circumstances.

31.     As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

**Count III**
**42 U.S.C. §1981**

32.     Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) above.

33.     Plaintiff is a black, African American female who was employed by the Defendant as a Dietary Manager and temporary Nurse's Aide.

34.     Plaintiff at all times met or exceeded the Defendant's legitimate performance expectations.

35.     Defendant discriminated against Plaintiff by creating a racially hostile work environment where she was subjected to racial slurs from Defendant's management employees and residents.

36.     Defendant further discriminated against Plaintiff by paying her less than similarly situated white employees and giving her less in the way of bonuses.

37.     Defendant discriminated against Plaintiff when it terminated her employment because of her race.

38.     Similarly situated white employees were paid more than Plaintiff, were not subjected to racial slurs, were not terminated, and were treated more favorably than Plaintiff.

39.     Defendant's treatment of Plaintiff was because of her race.

40.     As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 West Smith Valley Road – Suite B
Greenwood, IN  46142
317-885-0041 - phone
888-308-6503 – fax